UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO LASALE HANNAH,<br><br>                              Plaintiff,<br>v.<br><br>CORPORAL RAMIREZ, #4746,<br><br>                             Defendant. | Case No.: 19cv787-LAB(BLM)<br><br>**REPORT AND RECOMMENDATION ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF No. 9]** |

This Report and Recommendation is submitted to United States Chief Judge Larry Alan Burns pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California. For the following reasons, the Court **RECOMMENDS** that Defendant's motion to dismiss for failure to exhaust administrative remedies be **DENIED**.

## **PROCEDURAL BACKGROUND**

Plaintiff Antonio Lasale Hannah is a state prisoner proceeding *pro se* and *in forma pauperis*, who currently resides at San Diego Central Jail ("SDCJ"). ECF No. 1 at 1. Plaintiff initiated this action on April 29, 2019 when he filed a complaint under the Civil Rights Act, 42 U.S.C. § 1983, alleging Eighth Amendment violations.[1] See id. at 3, 14. On June 18, 2019,

---

[1] See ECF No. 5 at n.2 (for screening purposes only, Chief Juge Burns presumed Plaintiff was a

1

Chief Judge Burns dismissed Plaintiff's claims against Defendants South Bay Detention Facility and the County of San Diego for failing to state a claim upon which relief may be granted. See ECF No. 5 at 5-7. Additionally, Chief Judge Burns dismissed Plaintiff's claims against Defendant Sheriff Gore for failing "to show how, or to what extent, Sheriff Gore may be held individually liable," and holding that vicarious liability does not apply to § 1983 suits. Id. at 7. Therefore, Plaintiff's only remaining claim before the Court is against Defendant Corporal Ramirez alleging unreasonable use of force in violation of Plaintiff's Fourteenth Amendment. Id. at 8.

On September 18, 2019, Defendant Ramirez filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust all administrative remedies. ECF No. 9-1 at 1-2. On September 20, 2019, this Court set a briefing schedule governing Defendant Ramirez's motion. ECF No. 10. On October 7, 2019, Plaintiff filed on opposition to Defendant Ramirez's motion. ECF No. 11. On November 15, 2019, Defendant filed a reply to Plaintiff's opposition. ECF No. 14.

## **DISCUSSION**

Defendant argues Plaintiff's claims are barred as a matter of law because Plaintiff failed to exhaust his administrative remedies. ECF No. 9-1 at 3. Specifically, Defendant states that "nowhere in the Complaint does the [p]laintiff allege" exhaustion and, on the form complaint that explicitly asked Plaintiff as much, Plaintiff did not respond. Id. at 5. Additionally, Defendant argues that, "[t]o exhaust administrative remedies, a grievance must be factually sufficient to" put the prison on notice "as to the nature of the wrong for which Plaintiff now seeks redress." ECF No.14 at 2-3. Defendant claims that Plaintiff fails to put jail officials on notice of Defendant's alleged assault in the grievances attached to Plaintiff's Complaint and, therefore, "it cannot reasonably be found that [Plaintiff] exhausted his administrative remedies." Id. at 3. Finally, Defendant argues that Plaintiff's attached grievances fail "to indicate that no further grievances or administrative remedies remained available to the plaintiff when he filed his lawsuit." Id. at

---

pretrial detainee at the South Bay Detention Facility on the date of the onset of the alleged injury, therefore invoking claims under the Fourteenth Amendment, not the Eighth. See Castro v. County of Los Angeles, 833 F.3d 1060, 1067-8 (9th Cir. 2016)).

5.

In his opposition, Plaintiff contends that he "clearly answered the 1983 Complaint Form on pg(6)[2]," thereby showing that he exhausted all available administrative remedies. ECF No. 11 at 3. In support of his claim, Plaintiff states that he "attached [his] administrative remedy, a Sheriff Department [G]rievance Form." Id. Plaintiff argues that the "Sheriff Dept. Jail grievance . . . was deemed not a grievance" thereby rendering his "administrative remedy unavailable." Id. Plaintiff notes that "jail officials routinely mark grievance 'Not a grievance' so that they don't have to process the grievance and perform an investigation," which "ultimately renders the administrative remedy unavailable." Id.

In his reply, Defendant reiterates that Plaintiff did not fully complete the complaint, did not state in the complaint that he had exhausted all administrative remedies, and did not attach documents to either the complaint or his opposition that proved he had exhausted his administrative remedies. ECF No. 14 at 1-4. Defendant argues that Plaintiff is required to prove in his complaint that he exhausted all administrative remedies and Plaintiff did not do so. Id. Defendant does not address Plaintiff's argument that the administrative remedy process is unavailable to him.

The Prison Litigation Reform Act ("PLRA") requires that prisoners exhaust "such administrative remedies as are available before commencing a suit challenging prison conditions." 42 U.S.C. § 1997(e)(a). In Albino v. Baca, the Ninth Circuit held that in order for the Court to determine whether a plaintiff has exhausted his administrative remedies, the issue of failure to exhaust must be raised in a motion for summary judgment as opposed to an unenumerated Rule 12(b) motion. 747 F.3d 1162, 1170 (9th Cir. 2014). The Court explained that failure to exhaust administrative remedies is an affirmative defense, therefore, making it inappropriate to raise in a motion to dismiss. See id. at 1169.

---

[2] Plaintiff attached multiple documents to his Complaint, including prison administrative forms he filled out regarding his grievances. See ECF No. 1. These documents range from court forms, to an Incident Report, to Inmate Grievance forms. Id. It appears to the Court that Plaintiff's reference to "pg(6)" of his 1983 Complaint Form is actually page 15 of ECF No. 1.

However, the Albino Court set forth the following exception in which a defendant may allege failure to exhaust in a Rule 12(b)(6) motion:

> In a few cases, a prisoner's failure to exhaust may be clear from the face of the complaint. However, such cases will be rare because plaintiff is not required to say anything about exhaustion in his complaint. As the Court wrote in *Jones*, "failure to exhaust is an affirmative defense under the PLRA, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." But <u>only in those rare cases where a failure to exhaust is clear from the face of the complaint</u>, a defendant may successfully move to dismiss under Rule 12(b)(6).

Albino, 747 F.3d at 1169 (quoting Jones v. Bock, 549 U.S. 199, 215-16 (2007)) (emphasis added). As a result, a motion to dismiss is proper only where the plaintiff's complaint contains facts establishing his failure to exhaust administrative remedies, resulting in no disputed facts on the issue of exhaustion. See Albino, 747 F.3d at 1169.

Here, Plaintiff's complaint does not address exhaustion. ECF No. 1. Plaintiff did not complete Section D.2, which requests information on exhaustion of administrative remedies. Id. at 15. The handwritten factual statement complains that the prison did not conduct a use of force investigation and states that Plaintiff wrote grievances, but does not describe what efforts Plaintiff made to exhaust his administrative remedies. Id. at 3-4, 9 & 14. The attached grievances indicate that Plaintiff complained about several issues [id. at 7-8, 10-11] and that one grievance related to Plaintiff's claim that the prison was covering up his assault was determined by a prison official to not constitute a grievance [id. at 7]. The staff member notes that he/she "will look up case #" but does not check the box indicating what type of process Plaintiff's submission does constitute nor provide any follow up information. Id. at 7. In addition, Plaintiff asserts in his opposition that he did exhaust his administrative remedies and that he has additional documents supporting his claim. ECF No. 11 at 4. As such, this case is not one of those rare cases in which the failure to exhaust is clear from the face of the complaint and the Court **RECOMMENDS** that Defendant's motion to dismiss be **DENIED**. If Defendant files a summary judgment motion alleging failure to exhaust administrative remedies, Defendant must address Plaintiff's argument that the administrative remedies were not available to him.

4

19cv787-LAB(BLM)

See Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005) (stating that "a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process").

At the end of his opposition, Plaintiff requests leave to file an amended complaint. ECF No. 11 at 4. If Plaintiff wants to file an amended complaint, he must file a motion requesting permission to do so and must attach the proposed amended complaint to the motion. See CivLR15.1. Plaintiff must serve the motion on Defendant Ramirez.

## **CONCLUSION AND RECOMMENDATION**

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order: (1) approving and adopting this Report and Recommendation; and (2) denying Defendants' motion to dismiss.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties **no later than January 24, 2020**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties **no later than February 24, 2020**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: 1/2/2020

Hon. Barbara L. Major
United States Magistrate Judge