UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO LASALE HANNAH<br><br>                              Plaintiff,<br><br>v.<br><br>CORPORAL RAMIREZ<br><br>                              Defendant. | Case No.:   19cv787-LAB (BLM)<br><br>**ORDER OF DISMISSAL** |

On December 12, 2019, pro se Plaintiff Antonio Hannah, a prisoner, filed a notice of change of address. That was the last thing he filed in this case, and the last evidence of his taking any action to prosecute his claims.

On January 2, 2020, Magistrate Judge Barbara Major issued her report and recommendation, which recommended denying Defendant Corporal Ramirez's motion to dismiss. On January 24, a copy of the report and recommendation sent to Hannah was returned as undeliverable. Under Civil Local Rule 83.11(b), any party proceeding pro se must keep the Court and opposing parties advised as to his current address. Under that rule, if mail directed to a pro se plaintiff is returned by the post office, and if the plaintiff fails to notify the Court and opposing parties within 60 days of the plaintiff's current address, the Court may dismiss the action for failure to prosecute.

On January 28, the Court adopted the report and recommendation. A copy of that order was mailed to Hannah but was not returned as undeliverable. After several months of inaction in the case, the Court on May 7 issued an order to show cause why this action should not be dismissed for failure to prosecute. Hannah was ordered to file a change of address no later than May 22. If he did not, the order cautioned him, this action would be dismissed for failure to prosecute. On May 22, a copy of that order mailed to Hannah was returned as undeliverable. Since then, Hannah has not filed anything, and it appears he has abandoned his claims.

The Court has considered the factors set forth in *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Four of the five factors weigh favor of dismissal. Hannah has apparently abandoned his claims. Permitting this case to linger on the docket would serve no useful purpose, would unfairly deprive Defendants of finality, and would prevent the Court from managing its docket. The fifth factor — the public policy favoring disposition of claims on the merits — does not counsel strongly against dismissal, because there is no way to adjudicate Hannah's claims on the merits without his active participation. This action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute. *See* Civil Local Rule 83.11(b).

**IT IS SO ORDERED**.

Dated: June 4, 2020

*Larry A. Burns*
Honorable Larry Alan Burns
Chief United States District Judge